UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARYL KEITH BURNETT, JR.,

    Plaintiff,

       v.                             CAUSE NO. 3:26-CV-1167-JD-JEM

A. HODGE, S. BALES, WALKER,
WALKER-LONG, MATTHEWS, and
BLAIN PERKINS,

    Defendants.

## OPINION AND ORDER

Daryl Keith Burnett, Jr., a prisoner without a lawyer, filed a complaint raising three claims. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Claim One, Burnett alleges the defendants used excessive force against him on February 22, 2026, at the Miami Correctional Facility when they slammed him to the ground where they punched, kneed, and kicked him. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or

restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* This complaint plausibly states a claim against the six defendants for an excessive use of force.

In Claim Two, Burnett alleges the defendants retaliated by beating him because he told Sgt. Hodge he was filing a lawsuit. It is undisputed "[a] prisoner has a First Amendment right to make grievances about conditions of confinement . . .." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (*citing Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005). However, that right must be exercised "in a *manner* consistent with his status as a prisoner." *Id*. (emphasis in original, citation omitted). In *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009), an inmate alleged he "threatened the Defendant that he was going to file a grievance against her because it was inappropriate for her to kick his cell door, turn his lights on and off, and slam his cell trap while he was sleeping." *Id.* at 554. In rejecting that argument and affirming the district court's dismissal order, the Seventh Circuit noted, "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance." *Id*. at 555 (emphasis in original); *see also Clark v. Reed*, 772 Fed. Appx. 353, 355 (7th Cir. 2019) (citing *Bridges* and finding qualified immunity applied to shield the defendant because it had not been clearly established "that a threat to file a grievance was protected"); *Cobian v. McLaughlin*, 717 Fed. Appx. 605, 612–13 (7th Cir. 2017) (citing *Bridges* and finding the inmate's "threat to

go to court" if the prison staff member did not perform research and update his file as requested was not a protected activity).

Additionally, "litigants should use the part of the Constitution that most directly addresses their concerns." *Conner v. Schwenn*, 821 F. App'x 633, 636 (7th Cir. 2020); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (constitutional claims must be analyzed under the most "explicit textual source of constitutional protection"). Burnett's allegations that the defendants beat him are appropriately analyzed under the Eighth Amendment as an excessive force claim. He is proceeding on this claim. Burnett can have "but one recovery" against these defendants, *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012), and the case "gains nothing by attracting additional constitutional labels." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005); *see also Vukadinovich v. Bartels*, 853 F.2d 1387, 1391–92 (7th Cir. 1988) (affirming dismissal of equal protection claim that amounted to "a mere rewording" of another constitutional claim contained in the complaint). Claim Two does not state a claim and will be dismissed.

In Claim Three, Burnett alleges the grievance specialist prevented him from completing the grievance process. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Claim Three does not state a claim and will be dismissed.

For these reasons, the court:

(1) GRANTS Daryl Keith Burnett, Jr. leave to proceed against A. Hodge, S. Bales, Walker, Walker-Long, Matthews, and Blain Perkins in their individual capacities for compensatory and punitive damages for using excessive force against him on February 22, 2026, at the Miami Correctional Facility when they slammed him to the ground where they punched, kneed, and kicked him in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) A. Hodge, S. Bales, Walker, Walker-Long, Matthews, and Blain Perkins at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), A. Hodge, S. Bales, Walker, Walker-Long, Matthews, and Blain Perkins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 7, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT